**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO: 3:14-CV-60-MOC-DSC**

| | |
|---|---|
| **JORGE LUIS NARBONA, et.al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **MICRON PRECISION, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Plaintiffs' Motion to Strike Affirmative Defenses … " (document #9) and the parties' briefs and exhibits. <u>See</u> documents ##9 through 11.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion to Strike be <u>denied</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege discrimination, wrongful discharge and retaliation resulting from termination of their employment by Defendant. In its original Answer, Defendant plead sixteen (16) affirmative defenses. By e-mail dated February 20, 2014, Plaintiffs' counsel informed Defendant's counsel that she intended to file a Motion to Strike all but one of the affirmative defenses and provided a draft of the Motion. After further discussions, defense counsel agreed to

amend four of the affirmative defenses and withdraw four others. The parties agreed that Defendant would file an Amended Answer and Plaintiffs would then file a revised Motion to Strike.

Defendant filed its Amended Answer on March 6, 2014 pleading twelve affirmative defenses.

On March 11, 2014, Plaintiffs filed their Motion to Strike Defendant's First through Fourth and Seventh through Eleventh Affirmative Defenses. Plaintiffs allege that the affirmative defenses do not satisfy the pleading requirements of Fed. R. Civ. P. 8 as applied in Ashcroft v. Iqbal, 556 U.S. 662 (2009), Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Giarratano v. Johnson, 521 F.3d 298 (4th Cir. 2008) (hereinafter referred to as the "Twombly/Iqbal pleading standard").[1] Defendant argues that this standard does not apply to affirmative defenses.

Plaintiffs' Motion to Strike has been fully briefed and is ripe for determination.

---

[1] In reviewing a Rule 12(b)(6) motion to dismiss a complaint, the Supreme Court has held that the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(f) provides that "[u]pon motion made by a party ... the court may order stricken from any pleading, any insufficient defense." See also Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 348 (4th Cir.2001) ("defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted") (citing 5C Fed. Prac. & Proc. Civ. 3d §1381, Wright & Miller; Akeva L.L.C. v. Mizuno Corp., 199 F.Supp.2d 336, 337, n.2 (M.D.N.C. 2002) (motion to strike may be granted as to defenses that are "insufficient ... redundant, immaterial, impertinent, or scandalous")).

"The purpose of a Rule 12(f) motion to strike is to avoid the waste of time and money that arises from litigating unnecessary issues." Simaan, Inc. v. BP Products North America, Inc., 395 F.Supp.2d 271, 278 (M.D.N.C. 2005) (citing Buser v. Southern Food Serv., Inc., 73 F.Supp.2d 556, 559 (M.D.N.C. 1999). Accord Federal Deposit Ins. Corp. v. British-American Corp., 744 F. Supp.116 (E.D.N.C. 1990).

The Supreme Court and the Circuit Courts have not addressed the issue of whether the Twombly/Iqbal pleading standard applies to affirmative defenses. The undersigned is persuaded by the rationale of the district courts that have declined to extend application to affirmative defenses. See, e.g., Aguilar-Gamas v. Scott Farms, Inc., 2014 U.S. Dist. LEXIS 20928 (E.D.N.C. Jan. 6, 2014); Grant v. Bank of America, 2014 U.S. Dist. LEXIS 24645 (E.D. Va. Feb. 25, 2014); Adames v.G.B. Restaurants, Inc., 2014 U.S. Dist. LEXIS 5866 (W.D.N.Y. Jan. 16, 2014); EEOC v. Joe Ryan Enterprises, Inc., 281 F.R.D. 660 (M.D. Ala. July 9, 2012); Guessford v.

Pennsylvania National Mutual Casualty Insurance Company, 918 F.Supp. 2d 453 (M.D.N.C. 2013); Floridia v. DLT 3 Girls, Inc., 2012 WL 1565533, *2 (S.D. Tex. May 2, 2012).

Courts declining to apply the Twombly/Iqbal pleading standard to affirmative defenses have focused on the different requirements for claims and defenses under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(c) which specifically governs affirmative defenses requires a party to "affirmatively state any avoidance or affirmative defense." The Fourth Circuit has held that "an affirmative defense may be pleaded in general terms and will be held to be sufficient …as long as it gives plaintiff fair notice" of the affirmative defense. Guessford, 918 F.Supp. 2d at 468 (quoting Clem v. Corbeau, 98 Fed.Appx. 197, 204 (4th Cir. 2004)). Furthermore, Fed. R. Civ. P. 8(b)(1)(A) requires that a party responding to a pleading shall "state in short and plain terms its defenses to each claim asserted against it." In contrast, Fed. R. Civ. P. 8(a)(2) mandates that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(c)'s language governing the pleading of defenses does not track the language of Rule 8(a) regarding the pleading of claims. The Twombly/Iqbal cases focus their attention on the pleading of claims.

As the Court stated in Aguilar-Games v. Scott Farms, supra:

> This court finds persuasive the arguments from the courts which have declined to apply the Twombly/Iqbal standard to affirmative defenses. The difference in the language of Rule 8(a)(2) on the one hand, and Rules 8(b) and 8(c) on the other, reflects distinct requirements imposed on plaintiffs and defendants sensibly imposed based upon the differing situations of plaintiffs and defendants. A defendant asserting an affirmative defense is not unlocking the doors of discovery in the same way that a plaintiff does by bringing a complaint in the first place. F.T.C. v. Hope Now Modifications, LLC, CIV. 09-1204 JBS/JS, 2011 U.S. Dist. LEXIS 24657, 2011 WL 883202 at 3 (D.N.J. Mar. 10, 2011).

Id. at 2014 U.S. Dist. LEXIS 20928 *8. While plaintiffs must show that they are entitled to

relief, defendants must <u>state</u> their defenses. This is a significant difference, and weighs against application of the <u>Twombly/Iqbal</u> pleading standards to affirmative defenses.

Courts have also considered the timing associated with filing claims versus responding to a complaint. The Court in <u>Adames v. G.B. Restaurants</u> reasoned:

> Pleading standards that account for the differences between the pleading of claims and defenses make sense. Knowledge at the pleading stage is often asymmetrical, disproportionately favoring the pleading of a claim by a plaintiff who has had the opportunity to time its filing. While the plaintiff often can conduct an investigation before filing the complaint to ensure its allegations are adequately supported, the defendant must respond quickly after being served…[B]ecause of these differences, Rules 8(b) and 8(c) do not require a court to subject defenses pleaded by a defendant to the same stringent plausibility standards that Iqbal and Twombly demand of claims for relief under Rule 8(a).

<u>Id.</u> at 2014 U.S. Dist. LEXIS 5866 *8 (citations omitted). <u>See also</u> <u>Floridia</u>, 2012 WL 1565533, *2 (stating that "a different standard for plaintiffs and defendants is sensible, given that defendants have only 21 days within which to serve an answer") (citation omitted).

Some courts have also looked to Form 30 in the Federal Rules of Civil Procedure. Form 30 allows a Rule 12(b)(6) defense to be plead with a one sentence conclusory statement. <u>Joe Ryan Enterprises, Inc.</u>, 281 F.R.D. at 664 (citing both the 12(b)(6) and statute of limitations defenses included in Form 30 and finding "That both defenses listed in Form 30 would be laughed out of court under <u>Twombly/Iqbal</u> impresses strongly against extracting the principles from those cases and applying them in the different context of affirmative defenses").

For these reasons, "Plaintiffs' Motion to Strike Affirmative Defenses … " (document #9) should be <u>denied</u>.

## III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that

"Plaintiffs' Motion to Strike Affirmative Defenses … " (document #9) be **DENIED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: April 10, 2014

David S. Cayer
United States Magistrate Judge