UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00060-MOC-DSC

| | | |
|---|---|---|
| **JORGE LUIS NARBONA, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MICRON PRECISION LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The issue presented by the plaintiffs' Motion to Strike Affirmative Defense (#9) and the magistrate judge's Memorandum and Recommendation is straightforward: does the heightened pleading standard announced in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) applicable to Rule 12(b)(6) motions to dismiss claims asserted under Rule 8(a)(2), Federal Rules of Civil Procedure, apply when considering a motions to strike affirmative defenses asserted under Rule 8(c).

The magistrate judge determined that the Iqbal/Twombly standard has no application to affirmative defenses for a number of reasons. First, he considered the plain language of Rule 8(a)(2) and compared it with the language of Rule 8(c), finding as

1

follows:

> a party responding to a pleading shall "state in short and plain terms its defenses to each claim asserted against it." In contrast, Fed. R. Civ. P. 8(a)(2) mandates that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(c)'s language governing the pleading of defenses does not track the language of Rule 8(a) regarding the pleading of claims. The Twombly/Iqbal cases focus their attention on the pleading of claims.

M&R (#12) at 4. Despite plaintiffs' Objection in which it recasts its argument before the magistrate judge, the court fully concurs with Judge Cayer that the not only are the pleading requirements set out in different subsection of Rule 8, the language used by the drafters is distinct in pleading a claim and pleading an affirmative defense. Under Rule 8, a claim must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), which we now know under Iqbal/Twombly requires the pleading of plausible facts that, if later proved, could entitle the pleader to the relief sought. Rule 8(c) is quite liberal in comparison as it provides that affirmative defenses to such claims shall be stated "in short and plain terms its defenses to each claim asserted against it." Fed.R.Civ.P. 8(c).

When reading the Federal Rules of Civil Procedure, this court gives the words used their plain meaning. Clearly, had the drafters wanted the same pleading standard to apply to claims and defenses, they could have group claims and defenses in Rule 8(a)(2). If they wanted to create separate section but apply the same standard, they could have easily done so by lifting the pleading requirements of Rule 8(a)(2) and dropping them in Rule 8(c). Finally, words have meaning and the words used in Rule 8(c), as Judge Cayer found, require that "plaintiffs must show that they are entitled to relief, defendants must

state their defenses." M&R at 4-5.

Next, Judge Cayer determined the timing of bringing claims and the time allowed to respond to those claims. Typically, a plaintiff has months if not years to investigate its claim and craft a complaint which alleges plausible facts that show they are entitled to the relief they seek. Under Rule 12(a)(1)(i), a defendant typically has only 21 days within which to Answer or otherwise respond to a complaint and assert its affirmative defenses. Fed.R.Civ.P. 12(a)(1)(i). Affirmative defenses (less listed exceptions) must be asserted in the responsive pleading. Fed.R.Civ.P. 12(b). The court fully concurs with Judge Cayer's reasoning as to timing.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith. Plaintiffs' Objections are overruled and the Memorandum and Recommendation is adopted in full by this court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#12) is **AFFIRMED,** the plaintiffs' Objections (#13) are overruled, and the Motion to Strike Affirmative Defense (#9) is **DENIED**.

Signed: May 9, 2014

Max O. Cogburn Jr.
United States District Judge